McKinney, J.,
delivered the opinion of the Court.
This was an action of ejectment brought in the Circuit Court of Jackson, by the defendants in error against the plaintiffs in error, on the 27th of June, 1853.
The plaintiffs below claim under a grant from the State of North Carolina to Stokely Donelson, for sixty thousand four- hundred and sixty acres of land, dated the 28th of August, 1795, and show a connected chain of conveyances from the grantee to John Love, their ancestor.
The defendants set up title to several parcels of land within the bounds of the plaintiffs’ grant, under grants of younger date from the State of Tennessee, coupled with an adverse possession of more than seven years, before the commencement of this action. As respects the lands thus claimed and held by the defendants, a verdict was found in their favor, and no question is made here as to the correctness of the finding of the jury.
But, the bill of exceptions shows, that the plaintiffs, on the trial, offered and read as evidence, the copy of *310 an entry made in the name of the defendant, Stephen Langford, on the 5d of May, 1843, for one thousand acres of land, lying within the bounds of the plaintiffs’ grant, and proved, that although no possession had ever been taken of any part of the land covered by said entry, yet that the defendant, Langford, set up claim to the same under said entry, and that he was asserting such claim at the time of the institution of the present action.
Upon this point the Circuit Court instructed the jury, that under the act of 1852, ch. 152, sec. 2, an action of ejectment might be maintained by one proving a legal title, against a defendant setting up claim to land under an entry, although he may never have been in possession of the land covered by such entry. And upon this instruction, the question for our determination arises.
The second clause of the second section of the act of 1852, is as follows:
The person actually occupying the premises shall be named defendant in the declaration. If they be not occupied, the action must be against some person exercising acts of ownership thereon, or claiming title thereto or some interest therein, at the commencement of the suit.”
This provision of the statute is very general and comprehensive in its terms. Upon the most restricted construction, it introduces an important change of the law governing the action of ejectment. But taken literally, it would convert the action into an equitable, as well as legal remedy.
*311 Prior to this enactment, ejectment could not be brought where the possession was vacant, or there was no occupant of the premises, either actual or by construction of law. It was incumbent on the plain-tiif to establish, not only a legal title to the premises, but likewise that the person upon whom process was served, was in the possession thereof, at the time of the commencement of the action. But it is clear that by the positive terms of the section above cited, an action of ejectment may be maintained in some instances, on a vacant possession. There is no escape from this conclusion, unless effect be altogether denied to the plain terms of the act. The question then is, in what cases of a vacant possession will ejectment lie? The terms of the act are, that the action may be brought, among other cases, against a person “ claiming title' to the premises, “ or some interest therein.” This general language would certainly, if literally understood, embrace an equitable “ title” or “ interest,” as well as legal. But such, we think, could, not have been the intention of the Legislature. If it should be held that a person setting up a claim under a mere equitable title, though not in possession of the disputed premises, was subject to be sued in ejectment, it would necessarily follow that he must be let in to all his equitable defences. This would be to convert the action of ejectment into a suit in equity, and by consequence, to take from the Court of Chancery this well established jurisdiction. Such a radical change, so inconsistent with the present organization of our judicial system, cannot be supposed to have been contemplated by the Legislature. The *312 action of ejectment is strictly a legal remedy. It looks only to legal title. It cannot be maintained unless the plaintiff has the legal estate in the premises, and an equitable title cannot be set up in this action against the legal title. The defendant must resort to a court of equity, to avail himself of his equitáble title. Such are the well established principles of the remedy by ejectment: and upon a careful examination it will be found that no intention to disturb or change them is manifested by the act above referred to. The words “title,” or “interest,” used in the act, must, therefore, be understood as meaning legal title or legal interest. And the whole scope and extent of the alteration of the law, in this respect, is, that a person claiming a legal title to, or legal interest in land, though not in possession thereof, against another having a legal title to the same land, is subject to be sued in ejectment.
In this view, the instruction of the Court was erroneous. Still, however, the error constitutes no sufficient ground for reversing the judgment, as it produced no practical injury to the defendants, the result of the case being precisely the same, as if no such instruction had been given: nor can the rights of either of the defendants, if any they have, under said entry, be in any respects affected by the verdict and judgment rendered in the case.
The judgment will be affirmed.